IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JIMMY LYMONNE BOWMAN,

    Petitioner,

v.                                                 Civil Action No. 3:17CV381

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Jimmy Bowman, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Bowman contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | Petitioner failed to receive the effective assistance of counsel because counsel did not object to prosecution's evidence reflecting that Petitioner had a prior conviction. (§ 2254 Pet. 6.) |
| Claim Two | Petitioner's appellate counsel performed deficiently when "he failed to properly argue how the Court of Appeals of Virginia erred in accordance with Supreme Court of Va. rule 5:17(c)(1)(iii) but simply presented the same argument that was presented to the Court of Appeals." (Id. at 7.) |

Respondent moves to dismiss, inter alia, on the grounds that Bowman's claims lack merit. For the reasons set forth below the Motion to Dismiss (ECF No. 12) will be granted.

## I. Factual And Procedural History

### A. Trial And Direct Appeal

Bowman was convicted in the Circuit Court for the City of Colonial Heights ("Circuit Court") of three counts of distribution of drugs, second offense. (ECF No. 14-1, at 1.) The Circuit Court sentenced Bowman to an active prison term of twelve years. (Id.) Bowman appealed.

On appeal Bowman first argued:

> (1) "that the trial court erred by holding that the evidence was sufficient to convict him of possession of a Schedule I or II controlled substance with the intent to distribute, second offense, 'when another person confessed to committing these crimes on the witness stand at trial under oath.'"

(ECF No. 14-3, at 1). Bowman then argued:

> (2) "that the trial court erred by convicting him of possession of a Schedule I or II substance with the intent to distribute, second offense, 'when the Commonwealth did not prove all of the elements required to establish a prior conviction under Virginia Code § 18.2-248.'"

(Id. at 3.)

In rejecting Bowman's first argument, the Court of Appeals of Virginia found:

> On September 22 and 25, 2013, the police used an informant to help them with three controlled drug purchases. The informant had known [Bowman] for eleven years and identified him as the person who sold her the drugs. The police arrested [Bowman] and charged him with three counts of possession of a Schedule I or II controlled substance with intent to distribute[] and one count of conspiracy.
> During the trial, [Bowman] called Robert Baker as a witness. Baker testified that he was the person who

2

sold the drugs to the informant. Baker also explained that he knew [Bowman] because [Bowman's] mother was his foster mother.

After hearing all of the evidence and argument, the trial court found appellant guilty of the three counts of possession with intent to distribute. He was found not guilty of the conspiracy charge.

[Bowman] argues that the trial court erred in finding him guilty because Baker confessed to committing the crimes. He contends Baker provided detailed testimony about the sale of the drugs. He asserts that the confidential informant and Baker were convicted felons and there was no reason for the trial court to believe the informant over Baker.

The trial court had the opportunity to see and hear the witnesses. The trial court agreed with appellant's argument that "[t]here's no reason why [the informant] should in any way be believed overtop [sic] of Mr. Baker," except the police officer corroborated the informant's testimony. Officer T.J. Karr witnessed each of the three controlled purchases and identified appellant as the person who sold the drugs to the informant on each occasion. On cross-examination, Officer Karr testified that he had no doubt that [Bowman] was the person who sold the drugs. In addition, the informant was outfitted with an audio and video surveillance system. The Commonwealth introduced into evidence a video of each controlled purchase. The trial court found the Commonwealth's evidence to be more credible than Baker's confession.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Based on the record, the trial court did not err in finding that the evidence was sufficient to convict [Bowman] of the three counts of possession of a Schedule I or II controlled substance with the intent to distribute.

(Id. 1-2 (eighth and ninth alterations in original).)

With respect to his second argument, the Court of Appeals of Virginia noted:

3

> The Commonwealth introduced into evidence "a certified prior conviction out of the Eastern District of Virginia, federal court." [Bowman's] counsel did not object to the exhibit and stated, "I will point out that the indictments did, or charged [sic] as being convicted of 18.2-248. This is a federal case. But, obviously, the statute reads, 18.2-248, or similar offense in another jurisdiction."
>
> On appeal, [Bowman] argues that the federal conviction was not sufficient to establish a prior conviction under Code § 18.2-248. [Bowman] raises this argument for the first time on appeal. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."). Accordingly, the Court will not consider [Bowman's] second assignment of error.

(ECF No. 14-3, at 3.)

Bowman filed a Petition for Appeal with the Supreme Court of Virginia. In his Petition for Appeal, Bowman raised the following assignments of error:

1. THE COURT OF APPEALS OF VIRGINIA ERRED BY FINDING THAT THE EVIDENCE WAS SUFFICIENT TO CONVICT THE APPELLANT OF THE CRIMES OF POSSESSION OF A SCHEDULE I OR II CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE, SECOND OFFENSE, WHEN ANOTHER PERSON CONFESSED TO COMMITTING THESE CRIMES ON THE WITNESS STAND UNDER OATH.
2. THE COURT OF APPEALS OF VIRGINIA ERRED BY AFFIRMING THE CONVICTION OF THE APPELLANT OF THE CRIMES OF POSSESSION OF A SCHEDULE I OR II SUBSTANCE WITH THE INTENT TO DISTRIBUTE, SECOND OFFENSE, WHEN THE COMMONWEALTH DID NOT PROVE ALL OF THE ELEMENTS REQUIRED TO ESTABLISH A PRIOR CONVICTION UNDER VIRGINIA CODE § 18.2-248.

Petition for Appeal 5, Bowman v. Commonwealth, No. 151662 (Va. filed Oct. 30, 2015) (internal citations omitted). The Supreme of Virginia refused Bowman's first assignment of error. Bowman v. Commonwealth, No. 151662, at 1 (Va. June 9, 2016). With respect to Bowman's second assignment of error, the Supreme Court of Virginia found that Bowman's second assignment of error "is insufficient as it does not address the Court of Appeals ruling . . . from which an appeal is sought. Accordingly, the petition for appeal is dismissed as to that assignment of error." Id. (citing Va. Sup. Ct. Va. R. 5:17(c)(1)(iii).

B. **State Habeas**

After the conclusion of his direct appeal, Bowman filed a petition for a writ of habeas corpus with the Circuit Court wherein he raised essentially that same claims he presents in his § 2254 Petition. (See ECF No. 14-5, at 2.) By Order entered on September 27, 2016, the Circuit Court denied Bowman's state habeas petition. (Id. at 7.) Bowman appealed. The Supreme Court of Virginia refused Bowman's petition for appeal. (ECF No. 14-6, at 1.)

## II. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient

5

performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim One, Bowman contends that counsel was deficient for failing to object to prosecution's use of Bowman's drug convictions in the United States District Court for the Eastern District of Virginia to prove that Bowman had a prior conviction for a drug offense.[1] Bowman alleges that his federal drug

---

[1] Bowman was convicted in this Court of Conspiracy to Possess with Intent to Distribute Less than 500 grams of Cocaine Hydrochloride and Distribution of Cocaine Hydrochloride. (ECF No. 1-3.)

convictions is not a conviction for drug distribution under section 18.2-248 of the Code of Virginia, and therefore, it did not comply with his indictment, which was for a second offense of violating section 18.2-248 of the Code of Virginia.[2] In rejecting this claim, the Circuit Court concluded that Bowman

> fails to show there was a legitimate objection to his previous conviction order. The Commonwealth's evidence was a certified conviction order from December 6, 2004, that read Bowman was convicted of distribution of cocaine hydrochloride. The federal sentencing order is clear that Bowman was convicted of distribution and that it was cocaine, which is a schedule II substance in Virginia. Therefore, the Court finds that Bowman fails to allege a sufficient claim under Strickland.

(ECF No. 14-5, at 5.) The resolution of Bowman's claim of ineffective assistance of counsel is highly dependent on Virginia law. The Circuit Court found that, under Virginia law, Bowman's federal drug conviction constituted proper evidence for a prior offense in Bowman's circumstances. Given these circumstances, Bowman fails to demonstrate any deficiency of counsel or resulting prejudice. Richardson v. Branker, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective

---

[2] As pertinent here, Bowman's Indictments read as follows:
  On or about September 22, 2013, [Bowman] did manufacture, sell, give or distribute, a controlled substance listed in Schedule I or II of the Drug Control Act. The accused has been previously convicted of a violation of 18.2-248 with respect to controlled substances classified in Schedule I or II of the Drug Control Act, in violation of 18.2-248 of the 1950 Code of Virginia, as amended.
Indictment, Commonwealth v. Bowman, No. CR14-81-02 (Va. Cir. Ct. Mar. 4, 2014).

7

assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law."). Accordingly, Claim One will be dismissed.

In Claim Two, Bowman contends that appellate counsel performed deficiently by failing to preserve adequately Bowman's challenge to the sufficiency of the evidence in the appeal to the Supreme Court of Virginia. This claim is readily dismissed for lack of prejudice. For the reasons stated by the Court of Appeals of Virginia, ample evidence supported Bowman's convictions for three counts of distribution of drugs, second offense. Accordingly, Claim Two will be dismissed.

### III. Conclusion

Respondent's Motion to Dismiss (ECF No. 12) will be granted. The § 2254 Petition will be denied and the action will be dismissed. The Court will deny a certificate of appealability.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Bowman and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 20, 2018

8